# EXHIBIT B

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0001 0894 65

HEALTHPORT TECHNOLOGIES, LLC NOW CIOX HEALTH, LLC
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

**Control Number:** 103820
**Defendant:** HEALTHPORT TECHNOLOGIES, LLC NOW CIOX HEALTH, LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company
**County:** Kanawha
**Civil Action:** 16-C-706
**Certified Number:** 92148901125134100001089465
**Service Date:** 5/17/2016

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JEFFREY DAVIDSON,
On behalf of himself and
All others similarly situated,
      Plaintiffs,

v.

Civil Action No. 16-C-706

THOMAS MEMORIAL HOSPITAL;
Healthport Technologies, LLC;
and John Doe
Billing Companies 1 through 10,
John Doe Hospitals/Medical providers (1-100),
      Defendants.

**SUMMONS**

TO:    Healthport Technologies, LLC
         209 West Washington Street
         Charleston, WV 25302

    IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **D. Adrian Hoosier, II**, plaintiff's attorney, whose address is Lord Hoosier, PLLC, 225 Hale Street, Charleston, WV 25301, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above- styled civil action.

Dated: 5/11/16

Cathy S. Gatson, Clerk
Circuit Clerk

FILED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2016 MAY -9  PM 4:41

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

JEFFREY DAVIDSON,
On behalf of himself and
All others similarly situated,
    Plaintiffs,

v.

Civil Action No. 16-C-706

THOMAS MEMORIAL HOSPITAL;
Healthport Technologies, LLC;
and John Doe
Billing Companies 1 through 10,
John Doe Hospitals/Medical providers (1-100),
    Defendants.

## CLASS ACTION COMPLAINT

Plaintiff Jeffrey Davidson, on behalf of himself and all others similarly situated, brings this Class Action Complaint pursuant to West Virginia Rules of Civil Procedure 23 against Defendant Thomas Memorial Hospital ("Thomas"); Defendant Healthport Technologies, LLC; and Defendants John Doe Billing Company (1-10), John Doe Hospitals/Medical providers (1-100) and hereby avers as follows:

1. Plaintiff is a resident of Kanawha County, West Virginia.

2. Thomas Memorial Hospital ("Thomas") is a corporation doing business with its principle place of business in Kanawha County, West Virginia. Thomas has a service of process address of c/o Aaron B. Alexander, Herbert J. Thomas Memorial Hospital, 4605 MacCorkle Ave., S.W., South Charleston, WV 25309-1311.

3. Healthport Technologies, LLC, ("Healthport") is a foreign corporation doing business within the facility of Thomas, located in Kanawha County, West Virginia.

4. The names and capacities of the defendants sued herein as John Doe Billing Companies 1 through 10 are currently unknown to Plaintiffs, who therefore sue such defendants by such fictitious names. Each of the defendants designated herein as a Doe is legally

1

responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of the Court to amend this Complaint to reflect the true names and capacities of the defendants designated herein as Does when such identities become known. John Doe Medical Providers (1-100) are other hospitals, group practice physicians, solo practice physicians, and other health care providers that produced medical records to plaintiff/ patients representatives. Through out this Class Action Complaint plaintiff/ patients representatives are to be referred to as one and the same.

5. Jurisdiction and venue are appropriate in this court.

## CLASS REPRESENTATION ALLEGATIONS

6. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

7. Pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, Plaintiff/patients representatives bring this claim on behalf of all persons who: (1) requested copies of their medical records from Defendants and (2) were invoiced for the services provided by Defendants to obtain their medical records in excess allowed by W.V. Code §16-29-1 *et seq.* (prior version and current version).

8. This Class consists of: former patients/patients representatives or patient representatives who requested copies of medical records from Defendants at any time on or <u>after</u> April 29, 2011 (previous 5 years) through the date of this Class Action Complaint, and who were invoiced for the services provided by Defendants to obtain medical records in excess allowed by W.Va. Code §16-29-1 et seq., W.Va. Code §46A-2-127 *et seq.*, and W.Va. Code §46A-6-101 *et seq.* (hereinafter sometimes collectively referred to as "Plaintiffs" in conjunction with "patients representatives" as one and same).

9. Plaintiff alleges, upon information and belief, that the number of class members is so numerous that joinder of all of them is impractical. Plaintiff's beliefs are based on the fact that: (1) according to Defendant Thomas, it is hospital with may employees and doctors operating in West Virginia, (2) Defendants service a coverage area exceeding many counties; (3) upon information and belief, each time a patient of Defendants requested copies of his/her medical records, he/she was overcharged for his/her medical records in violation of West Virginia law and public policy and in breach of an implied contract; (4) Defendants Healthport and John Does, fulfilled all or a substantial portion of the medical records requests that were processed for the Thomas facility located in Charleston, West Virginia for the relevant time period; and (5) upon information and belief, Healthport and John Does contracted or contract(s) with other affiliated corporations (John Does) to fulfill medical records requests throughout West Virginia.

10. Further, upon information and belief Defendants Healthport and John Does were or are responsible, in whole or in part, for filling the majority of requests for medical records pursuant to an agreement between Defendants, and Defendants Healthport and John Does (some with Thomas) directly invoiced or invoice(s) requesters and collected or collect(s) upon said invoices.

11. The members of this Class will be easily ascertained from the records of Defendants when discovery commences herein.

12. Class Representative's claims raise questions of law and fact that are common to claims of each member of the Class. Specifically, the central issue raised by this action is whether Defendants overcharged for the production of medical records in violation of W.Va. Code §16-29-1 *et seq.* (prior version and new version), violation of W. Va. Code

§46A-2-127 *et seq.*, violation of W.Va. Code §46A-6-101 *et seq.* unfair and deceptive acts and practices, violation of the public policy of this state, and breach of an implied contract to produce these documents in accordance with the law.

13. The claims of the Class Representative are typical of the claims of each member of the Class. The Class Representative's claims are based upon violations of W.Va. Code §16-29-1 *et seq.*, violation of W. Va. Code §46A-2-127 *et seq.*, violation of W.Va. Code §46A-6-101 *et seq.* unfair and deceptive acts and practices, violation of the public policy of this state, and breach of an implied contract to produce these documents in accordance with the law. All purported members of the class make the same allegations.

14. The common issues involved in this lawsuit predominate over any separate issues that may exist among individual plaintiffs.

15. The Class Representative is a West Virginia resident who will fairly and adequately protect and represent the interest of each member of the Class. Additionally, the Class Representative is fully cognizant of his/her responsibilities as Class Representative, and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing this action.

16. The question of law of fact common to Class Representative's claims and the claims of each member of the Class predominate over any question of law or fact affecting only individual members of the Class.

17. Additionally, the amount in controversy for each Class member's claims would make individual lawsuits economically unfeasible, if not impossible. Class Representation is therefore clearly superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I – Violation of W.Va. Code § 16-29-1 et seq. (current version)

18. Plaintiff/patients representatives hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

19. West Virginia Code §16-29-1 mandates that health care providers, including Defendants, furnish a copy of patient's medical records when requested by the patient, his/her authorized agent, or his/her authorized representative.

20. West Virginia Code §16-29-2 sets forth the maximum reimbursement that a medical provider may seek from its patient, its patient's authorized agent, or its patient's authorized representative.

21. The relevant subsection for purposes of this lawsuit is West Virginia Code §16-29-2(a), which states as follows:

> (a) A person requesting records from a provider shall place the request in writing and pay a reasonable, cost-based fee, at the time of delivery. Notwithstanding any other section of the code or rule, the fee shall be based on the provider's cost of: (1) Labor for copying the requested records if in paper, or for placing the records in electronic media; (2) supplies for creating the paper copy or electronic media; and (3) postage if the person requested that the records be mailed.
>
> If a person requests or agrees to an explanation or summary of the records, the provider may charge a reasonable cost-based fee for the labor cost if preparing the explanation or the summary; for the supplies for creating the explanation or summary; and for the cost of postage, if the person requested that the records be mailed. If the records are stored with a third party or a third party responds to the request for records in paper or electronic media, the provider may charge additionally for the actual charges incurred from the third party.

(Emphasis added). The statute only allows a medical provider to charge a reasonable, cost-based fee, for the expenses it incurs in producing each patient's medical records.

22. Plaintiff/patients representatives was a patient of Defendant Thomas and/or John Does.

5

23. Sometime after and or before November 9, 2015, Plaintiff/patients representatives requested medical records from the Defendant Thomas and her requested was filled and invoiced by Defendant Healthport.

24. Sometime after November 9, 2015, Plaintiff/patients representatives, and others similarly situated, by and through their attorneys or individually, or patients representatives requested medical records from Thomas (or John Does) or its subsidiaries throughout the state and their requests were filled and invoiced by Defendants.

25. Defendants overcharged Plaintiff/patients representatives for the records in violation of West Virginia Code § 16-29-1 *et seq.*

26. Defendants demanded excess fees per page to produce Plaintiff/patients representatives' medical records.

27. Defendants violated W.Va. Code §16-29-1 *et seq.* by demanding excess fess per page or per image for copies of Plaintiff/patients representative's medical records.

28. The requested records were maintained electronically by Defendant(s).

29. To the degree Defendants claim they took time or effort to search for the appropriate medical records to download for each patient, that cost is covered and/or exceeded by the excess fee charged.

30. Upon information and belief, the excess cost per page charged by Defendants was an unreasonable charge and not a reasonable, cost-based fee incurred by Defendants in producing patients' medical records.

31. Upon information and belief, other similarly situated individuals who requested copies of their medical records from Defendants during the time in question preceding this lawsuit were charged an excess fee per page to obtain copies of their medical records

from the Defendants which did not represent "a reasonable, cost-based fee" in complying with W.Va. Code §16-29-1 *et seq*.

32. Defendants violated W.Va. Code §16-29-1 *et seq*. by refusing to produce Plaintiff/patients representative's medical records unless payments exceeding the amount permitted under W.Va. Code §16-29-2 were made to Defendants.

33. Defendants unlawfully benefited by charging more money for Plaintiff/patients representative's medical records than they were entitled to receive pursuant to W.Va. Code §16-29-1 *et seq*.

34. Plaintiff/patients representative's suffered damages by being forced to pay more than the amount permitted by statute to obtain their medical records.

## COUNT II – Violation of Public Policy

35. Plaintiff/patients representatives hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

36. It is the public policy of this State that residents of West Virginia should have access to their own medical records.

37. This public policy furthers the public good by allowing and encouraging residents of West Virginia to participate in their own medical care and by creating a methodology whereby healthcare providers or others may be held accountable for potential wrongdoing.

38. Defendants violated the public policy of this State by overcharging Plaintiff/patients representatives to obtain copies of their medical records.

39. Upon information and belief, Defendants violated the public policy of this State by overcharging other similarly situated individuals who requested copies of their medical records from Defendants during the time period alleged in this lawsuit, to obtain copies of their medical records.

40. Plaintiffs suffered damages as a result of Defendants' violation of public policy of this state in overcharging them to obtain copies of their medical records.

## COUNT III – Breach of Implied Contract and Contract

41. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

42. Plaintiff sought medical care from Defendant Thomas and or John Does. In doing so, the plaintiff entered into an implied contract wherein Defendants would document the care provided to Plaintiff in such medical records, and would provide copies of those records to Plaintiff/patients representatives upon request for a fee not in excess of those allowed by law.

43. In doing so, Plaintiff/patients representatives entered into an implied contract wherein Defendants would document the care provided to Plaintiff in his/her medical records, and would provide copies of those records to him/her upon request for a fee not in excess of those allowed by law.

44. Others similarly situated entered into an implied contract wherein Defendants would document the care provided to Plaintiffs in their medical records, and would provide copies of those records to the patient upon request for a fee not in excess of that allowed by law.

45. Plaintiffs allege that Defendants breached the terms of an implied contract by refusing to produce copies of their medical records for a fee not in excess of that allowed by law.

46. Plaintiffs allege that Defendants charging excess cost per page was in violation of the law.

47. Defendants breached the implied contract they had with Plaintiffs by charging a fee in excess of that allowed by law to obtain copies of their medical records.

48. Plaintiffs suffered damages as a result of Defendants' breach of the implied contract to document the care provided to Plaintiffs in their medical records and to provide copies of those records to requestors and/or patients upon request. To the extent Plaintiff/patients representatives and class members signed agreements with defendants to pay for cost or other bills the statute is extended 10 years for breach of written contract.

## COUNT IV – Declaratory Judgment

49. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

50. Plaintiffs bring this action pursuant to West Virginia Code §55-13-1 *et seq.*, known as the West Virginia Uniform Declaratory Judgment Act.

51. The parties hereto are appropriate parties to maintain a declaratory judgment action pursuant to W.Va. Code §55-13-2.

52. The West Virginia Uniform Declaratory Judgment Act is remedial in nature and should be liberally construed to achieve its benevolent goals. W.Va. Code §55-13-12.

53. Plaintiffs ask the Court to declare that West Virginia Code §16-29-1 *et seq.* limits the amounts Defendants can charge patients, or patients' representatives, for copies of their medical records to the reasonable, cost-based fee actually incurred in producing the records, using the methodology set out in in section W.Va. Code §16-29-2(a).

54. Plaintiffs ask the Court to declare that Defendants' actions violate W.Va. Code §16-29-1 et seq.

9

## COUNT V - Violation of W. Va. Code § 46A-2-127

55. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

56. Plaintiffs bring this action pursuant W.Va. Code §46A-2-127 which states, in relevant part, as follows:

> §46A-2-127. No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> *(d) Any false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding; . . . .*
>
> *(g) Any representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation; and*

(emphasis added)

57. Defendants have violated provisions of the West Virginia Consumer Credit and Protection Act, W.Va. Code §46A-1-1 *et seq.*

58. Specifically, Defendants' representation to Plaintiff/patients representatives that Defendants could charge a fee for their medical records in excess allowed by W.Va. Code §16-29-1 *et seq.* was a false representation to Plaintiff/patients representatives in violation of the West Virginia Consumer Credit Protection Act, W. Va. Code §46A-2-127(d), as Defendants made a false representation of the character, extent or amount of a claim against a consumer.

10

59. Further, Defendants represented to Plaintiff/patients representatives that they could charge a fee for their medical records that is in excess of what is allowed by law thereby violating W.Va. Code §46A-2-127(g) by representing that the existing obligation may be increased when in fact such fees or charges may not be legally added because the charges were not allowed by W.Va. Code §16-29-1 *et seq.* or by §46A-2-127(g).

60. Plaintiff suffered damages as a result of Defendants' false representation to Plaintiff/patients representatives for seeking the production of their medical records.

61. Each instance in which Defendants charged or represented to the consumer that they may charge in excess of the amount allowed by law constitutes a separate and distinct unlawful act.

### COUNT VI – Violation of W.Va. Code § 16-29-1 et seq. (prior version) Overcharging, and W.Va. Code 46A-2-127(g) and W.Va. Code 46A-6-101 et seq.

62. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

63. West Virginia Code §16-29-1 (prior version) mandates that health care providers, including Defendants, furnish a copy of patients' medical records when requested by the patient, his/her authorized agent, or his/her authorized representative.

64. West Virginia Code §16-29-2 (prior version) sets forth the maximum reimbursement that a medical provider may seek from its Plaintiff/patients representatives.

65. The relevant subsection for purposes of this lawsuit is West Virginia Code §16-29-2(a) (prior version), which states:

> The provider shall be reimbursed by the person requesting in writing a copy of the records at the time of delivery for all ***reasonable expenses incurred*** in complying with this article: Provided, That the cost may not exceed seventy-five cents per page for the copying of any record or

      records which have already been reduced to written form and a search fee may not exceed ten dollars.

(*emphasis* added)

66. Defendants unlawfully benefited by charging more money for Plaintiffs' medical records than they was entitled to receive pursuant to W.Va. Code §16-29-1 et seq. (prior version).

67. In charging more than the "reasonable expenses incurred" the Defendants overcharged Plaintiffs more than their reasonable expenses for reimbursement per page and for search fees, individually or a combination thereof, and Defendants are subject to attorney's fees, costs, and court fees. W.Va. Code §16-29-1(e) (prior version).

68. In charging more than the "reasonable expenses incurred" prior to June 5, 2014, Defendants breached implied contracts with all former patients or patient representatives who requested copies of their medical records from Defendants and were charged more than the "reasonable expenses incurred" to obtain their medical records.

69. In charging more than the "reasonable expenses incurred", Defendants violated W.Va. Code §46A-2-127 *et seq.* and W.Va. Code §46A-6-101 *et seq.* unfair and deceptive acts or practices.

70. Each instance in which Defendants charged or represented to the consumer that they may charge in excess of the amount allowed by law constitutes a separate and distinct unlawful act.

### COUNT VII - Violation of W. Va. Code § 46A-6-101 et seq.

71. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

72. Defendants' conduct of charging fees in excess of the amount allowed by W.Va. Code §16-29-1 (current and prior versions) and representing that they may charge fees in excess of the amount allowed by W.Va. Code §16-29-1 (current and prior version) is unconscionable, unfair, and/or deceptive.

73. The violation of West Virginia statutes pertaining to W.Va. Code §16-29-1 (current and prior version), or other laws intended to protect the public by allowing patients affordable access to their healthcare records, thereby improving their overall health, constitutes an unfair or deceptive act or practice as defined by W.Va. Code § 46A-6-104.

74. The violation of West Virginia Code § 46A-2-127(d) and (g), or other laws intended to protect against unconscionable misrepresentations that pertain to debt collection constitutes an unfair or deceptive act or practice as defined by W.Va. Code § 46A-6-104.

75. By engaging in conduct as alleged in this cause of action, Defendants have engaged in unfair or deceptive acts or practices, in violation of W.Va. Code § 46A-6-104.

76. Plaintiffs relied upon the representations of Defendants and have been harmed by Defendants' conduct.

77. Each instance in which Defendants charged or represented to the consumer that they may charge in excess of the amount allowed by law constitutes a separate and distinct unlawful act.

## COUNT VIII – Civil Conspiracy

78. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

13

79. Upon information and belief, Defendants conspired with one another to effectuate the unlawful conduct set forth herein.

80. Upon information and belief, Defendant Thomas conspired with the other named defendants, as well as other healthcare providers throughout the State of West Virginia, to effectuate the unlawful conduct set forth herein.

81. As a direct and proximate result of Defendants' conduct, Plaintiffs incurred damages as set forth more fully herein.

## COUNT IX – Negligent Supervision/Failure to Supervise

82. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all preceding Paragraphs of Plaintiff's Class Action Complaint.

83. Defendant Healthport is the agent, ostensible agent, or apparent agent of Defendants Thomas and John Does.

84. Defendants Thomas negligently supervised or failed to supervise their agents Healthport and John Does in their violations of West Virginia law, violations of West Virginia public policy, and breach of implied contract, as set forth herein.

85. Defendants' negligent supervision and failure to supervise their agents Healthport and John Does directly and proximately resulted in damages to Plaintiffs as set forth more fully herein.

WHEREFORE, Plaintiff, on behalf of him/herself and all members of the proposed Class herein, demands judgment in an amount sufficient to fully compensate herself and all members of

the proposed Class for all damages they have suffered as a result of Defendants' violations of statute, breach of contract, violations of public policy, or other wrongful and/or illegal conduct. Plaintiff, on behalf of him/herself and al members of the proposed Class herein, further seeks pre-judgment and post-judgment interest, costs, and attorney fees associated with the filing and prosecution of this suit as permitted by statute and the common law.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

D. Adrian Hoosier, II WVSB# 10013
Erica N. Lord
Lord Hoosier PLLC
225 Hale St.
Charleston, WV 25301
P: 304 550 8810
F: 304 553 7227

/Steven P. New
Steven P. New, Esq. WVSB#7756
Amanda Taylor, Esq. WVSB#11635
The Law Office of Stephen P. New
114 Main St.
Beckley, WV 25801
P: 304 250 3280
F: 304 250 6012

/Steven Wolfe
Steven S. Wolfe, Esq. (WVSB# 11914)
J. Christopher White (WVSB# 9462)
Wolfe White & Associates
PO Box 536
Logan, WV 25601
(P) 304 752 7715
(F) 304 752 7710
swolfe@wolfelawwv.com


